Nutting *et al. vs.* Boardman *et al.*

CHARLES A. NUTTING *et al.*, plaintiffs in error, *vs.* J. M. BOARDMAN *et al.*, defendants in error.

Where a bill was filed by the heirs-at-law of an estate, against the administrator and parties to whom he had sold railroad stock, the property of the estate, to recover back said stock which had been sold by such administrator without an order of the Court of Ordinary, and the parties who were the purchasers and defendants answered the bill, and in such answers, by way of cross-bill, prayed that the securities of the administrator be made parties, which was demurred to, and upon argument, the Court sustained the demurrer, dismissing such cross-bills, etc. :

*Held,* That the administrator and his securities were bound to respond for any *devastavit* by the administrator, of the assets of the estate of the decedent, to the heirs-at-law or to the creditors of said estate. But in an action brought by the heirs-at-law or by bill filed by them, to recover back property sold illegally by the administrator, from the purchasers, upon the ground that they had acquired no title thereto, the securities on the administrator's bond cannot be made parties thereto at the instance of such purchasers.   If they acquired no property in the thing purchased, then the securities on the bond would not be liable in case of its recovery ; and as they dealt with the administrator, individually, in the purchase, they cannot make the securities liable on the bond to them for loss, if any is sustained upon failure of the title so purchased by them, unless it was shown the proceeds, or some part thereof, was applied to the benefit of such estate.

Principal and surety.  Administrators.  Before Judge
COLE.  Bibb Superior Court.  October Term, 1870.

See the bill by which this cause was begun in Southwes-
tern Railroad Company *vs.* Thomason, 40 Georgia Reports,
408.  By amendment it was averred that Charles A. Nut-
ting, Cubbedge & Hazlehurst *et al.*, bought said stock, and
the prayer was to follow it in their hands.  In their answers
they said the wrong was in Usher, administrator, in making
the illegal sale, and that he, and not they, should respond.
And Usher being insolvent, they prayed that his securities
on his administration bond, Boardman *et al.*, should be made
parties, and made to respond to the demand of complainant.
Boardman *et al.*, securities, demurred to this cross-bill, say-
ing that they were not responsible for any illegal and frau-
dulent sale of intestate's stock.  The Court sustained the de-
murrer and dismissed this cross-bill against Usher's securi-
ties.  This is assigned as error.

NESBITS & JACKSON, for plaintiffs in error.

LANIER & ANDERSON; POE, HALL & POE, for defend-
ants.  Administrator is trustee for distributees and creditors:
Toller's ex'rs., 497; 1 Story's Equity, sec. 532.  *Ergo*, he nor
his surety is only liable to any but them: Theobald Pr. &
S., 366; Revised Code, section 2122.  If he sold as admin-
istrator purchasers were bound to look to his authority to
sell: 1 McLean's R., 533.  Substitution: Revised Code, sec-
tions 2150, 2151; Theobald, 252, 265.  If heirs fail to sue
administrator and loss thereby occurs, may not administra-
tor's sureties be released? 37 Georgia Reports, 438.  This
cross-bill is distinct from original bill: 3 Dan. Ch. Pr.,
1742, 1743, 1746; 7 J. C. R., 252; Revised Code, section
4122.  It is therefore multifarious: 1 Dan. Chan. Prac.,
385, 383, 384 and note (1); 12 Georgia Reports, 61; 5th,
573.

LOCHRANE, Chief Justice.

The complainants brought their bill to recover back railroad stock alleged to have been illegally sold by the administrator of an estate which they claimed as heirs, etc., to the defendants. The answers contained by way of cross-bill, a prayer that the securities of the administrator be made parties. A demurrer was filed to this portion of the answers, which the Court sustained, and dismissed the cross-bills.

We affirm the judgment of the Court below in this case. We recognize the rule of law binding the administrator and his securities to respond for any *devastavit* of the assets of the estate in his hands for administration, and that such suit may be maintained, either by the heirs or by creditors of the estate. But when a suit is instituted or a bill filed to recover back property sold illegally by the administrator, out of the hands of those who purchased or possessed the same, we see no reason why the securities on his bond are either proper or necessary parties to such a suit or proceeding. The present case proceeds upon the theory that the purchasers got no title to the thing sold, and if they, the purchasers, got no title to the thing bought, then the securities could in no way be liable if it was recovered back from the purchasers who bought it; for the securities would not be legally liable to them for their loss. The case treats the act of the administrator as an individual act, and his securities would not be liable for that, except it could be shown that the proceeds went into the estate, and by such substitution it was assets in his hands for administration, which he had wasted.

Judgment affirmed.